Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered in favor Clay as the assignee of the jailor, upon a bond given by *64 Kelso and Flcklin, his surety, for keeping the prison rules.
Pope for appellant, Bibb contra,
t ^ g-ainst the jailor for re-fusmg to kEo verment is necessary, the jailor ⅛-assign only in ti»e event of escape.
brought on prison bound bonds, it is the breachtn the words of the bond.
The only question deemed material in deciding this contest, grows out of the decision of the court below in overruling the appellant’s demurrer to the declaration.
^ Iis contended, that because the declaration contains no averment of Kelso having escaped from the prison rulesj judgment should have been entered against the appellee upon the demurrer.
We are unable, however, to perceive ahy necessity for suelvan averment in the present form of action. In an ac-against a jailor for refusing to assign a bond taken for the prison rules, as he is not bound to make the assignment unless the prisoner escapes, to shew his liability, on such a case, as was decided in the case of Barnes vs. Williams, 2 Bibb, 553 the declaration should contain an allegation of the prisoner having escaped, but in an action like the present, upon the bond, a breach, as in all similar actions upon obligations, in the words of the condition, is all that is required; and consequently, as the appellee has, in this instance, so alleged the breach in his declaration, the court ¿y jn overruling the appellant’s demurrer. The judgment must be affirmed with cost and damages,